## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JOSEPH SIMS, | ) | 4:07CV3088 |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

Michael Joseph Sims, a prisoner in the custody of the Nebraska Department of Correctional Services, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is now before the undersigned District Judge for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

The petition indicates that Sims was convicted on September 1, 1998, in the District Court of Douglas County, Nebraska, of first-degree murder, attempted first-degree murder, and two counts of using a deadly weapon to commit a felony; that the conviction was affirmed on direct appeal to the Nebraska Supreme Court on

Dockets.Justia.com

December 17, 1999, in <u>State v. Sims</u>, 258 Neb. 357, 603 N.W.2d 431 (1999); that Sims filed a motion for postconviction relief in the Douglas County District Court on February 8, 2006, which was denied; and that the Nebraska Supreme Court affirmed the denial of postconviction relief on December 22, 2006, in <u>State v. Sims</u>, 272 Neb. 811, 725 N.W.2d 175 (2006).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Sims does not allege any facts which would cause subsections (B), (C), or (D) to apply in this case. Thus, it appears that the 1-year statute of limitations began running on the date that his conviction became final, as provided in § 2244(d)(1)(A). If, as appears to be the case, Sims did not petition the United States Supreme Court to issue a writ of certiorari, then his conviction became final 90 days after it was affirmed by the Nebraska Supreme Court on December 17, 1999. See <u>Nichols v.</u>

Bowersox, 172 F.3d 1068, 1072 (8th Cir.1999) (en banc) (holding a state court judgment becomes "final under § 2244(d)(1)(A) upon the expiration of his time to file a petition for a writ of certiorari"); Sup. Ct. R. 13.1 (establishing 90-day filing period). In other words, Sims had one year from March 16, 2000, to file his habeas petition. Because his petition was not filed until more than seven years after such date, it appears time-barred.

The time during which a properly filed application for state post conviction relief is pending tolls the limitation period, see 28 U.S.C. § 2244(d)(2), but Sims did not seek state postconviction relief before the limitations period appears to have run. That Sims' motion for postconviction relief may have been timely under Nebraska law does not matter: "The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." Jackson v. Ault, 452 F.3d 734, 735-36 (8th Cir. 2006), cert. denied, 127 S.Ct. 946 (2007).

The United States Supreme Court has held that a district court is permitted to consider on its own initiative whether a state prisoner's habeas petition is timely. See Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006). Before acting, however, the court "must accord the parties fair notice and an opportunity to present their positions." Id. Consistent with that directive, I will permit the parties to file simultaneous briefs on the issue of the AEDPA statute of limitations, including any possible claims of equitable tolling,[1] within 30 days of today's date, after which time the court will complete its initial review of the habeas petition.

Accordingly,

---

[1]Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005).

IT IS ORDERED:

1.     That the clerk of court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

2.     That on or before May 9, 2007, the petitioner and the respondent shall each file a brief addressing the issue of the AEDPA statute of limitations, including any possible claims of equitable tolling.

3.     That on or after May 10, 2007, the court will complete its initial review of the petition and will order the case either dismissed or progressed.

April 9, 2007.                          BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge

4