IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JOSEPH SIMS, | ) | 4:07CV3088 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner's Motion for Leave to Appeal In Forma Pauperis (filing no. 43) and his Motion for Certificate of Appealability (filing nos. 42, 45).

## I.    Background

    Petitioner filed his Petition for Writ of Habeas Corpus on April 2, 2007, which asserted several ineffective assistance of counsel claims. (*See* Filing No. 1.) On May 21, 2008, the court dismissed Petitioner's claims and entered judgment in favor of Respondent. (Filing Nos. 35, 36.) Subsequently, Petitioner filed a Motion to Alter or Amend Judgment, and a Brief in Support. (Filing Nos. 37, 38.) On June 16, 2008, after careful review, the court denied that Motion because Petitioner failed to raise any factual or legal issues that would cause the court to reconsider its decision to dismiss his Petition. (Filing No. 39.) On July 24, 2008, Petitioner filed his Notice of Appeal. (Filing No. 40.)

## II.    Notice of Appeal

    Because Petitioner filed his Notice of Appeal more than 30 days after the court's June 16, 2008 Memorandum and Order, there is a question of whether it is

timely filed. Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(1)(1)(A). This time limit is mandatory and jurisdictional, and failure to file a timely notice of appeal deprives an appellate court of jurisdiction. *See, e.g.,* Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462-64 (8th Cir. 2000) (citations omitted). However, Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," i.e., within 30 days after expiration of the appeal deadline; and (2) regardless of the "extension period," the appellant shows excusable neglect or good cause for the delayed filing of the appeal. Fed. R. App. P. 4(a)(5)(A).

As noted earlier, Petitioner filed his Notice of Appeal more than 30 days after the court's June 16, 2008 Memorandum and Order denying Petitioner's Motion to Alter or Amend Judgment. However, Petitioner states that he placed a "notice of appeal" in the prison mail on July 17, 2008, and that this envelope was returned to Petitioner because the NSP Library had the incorrect address. (Filing No. 41.) With the correct address, Petitioner's Notice of Appeal would have been timely filed because it would have been deposited in the NSP internal mail system on the last day for filing. Fed. R. App. P. 4(c)(1). Under these circumstances, the court finds that Petitioner has shown excusable neglect for his delayed filing, and his Notice of Appeal is deemed timely filed.

### III.   Leave to Appeal In Forma Pauperis.

Petitioner seeks leave to appeal in forma pauperis. (Filing No. 43.) During the district court action, the court determined that Petitioner was financially eligible to proceed in forma pauperis. (Filing No. 35.) Federal Rule of Appellate Procedure 24(a)(3) states:

2

> (a) Leave to Proceed in Forma Pauperis ....
>
> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

Because Petitioner was previously given leave to proceed in forma pauperis, he may now "proceed on appeal in forma pauperis without further authorization" in accordance with Federal Rule of Appellate Procedure 24 and the Motion is granted.

## IV.  Motion for Certificate of Appealability.

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

>   [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

4

>petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

The court has carefully reviewed the record and Petitioner's Motion for Certificate of Appealability. (Filing Nos. 42, 45.) Petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. For the reasons stated in its May 21, 2008 Memorandum and Order, which dismissed Petitioner's claims with prejudice, the court declines to issue a Certificate of Appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Appeal In Forma Pauperis (filing no. 43) is granted.

2. Petitioner's Motion for Certificate of Appealability (filing nos. 42, 45) is denied without prejudice to reassertion before the Eighth Circuit.

3. Petitioner's Notice of Appeal (filing no. 40) is deemed timely filed.

4. The Clerk of the court shall provide the Court of Appeals with a copy of this Memorandum and Order.

August 18, 2008.                    BY THE COURT:

                                    *s/Richard G. Kopf*
                                    United States District Judge