IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JOSEPH SIMS, | ) | 4:07CV3088 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion for Relief From Judgment ("Rule 60(b) Motion") (filing no. 57-1, Attach. 1) and Motion for Leave to Proceed in Forma Pauperis ("IFP Motion") (filing no. 58), and Respondent's Motion to Dismiss Petitioner's Rule 60(b) Motion (filing no. 55). For the reasons set forth below, all pending motions are denied.

### *Respondent's Motion to Dismiss Petitioner's Rule 60(b) Motion*

Respondent argues Petitioner's Rule 60(b) Motion is a second or successive petition for writ of habeas corpus disguised as a motion filed pursuant to Federal Rule of Civil Procedure Rule 60(b), and should be treated as such. (Filing No. 56 at CM/ECF p. 3.) After careful review of the record and applicable case law, the court finds Respondent's Motion to Dismiss should be denied.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Court stated a Rule 60(b) motion should not be treated as a second or successive habeas petition "when [the] motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. Petitioner's Rule 60(b) Motion, in part, argues claims relating to the progression of this matter, and is procedural, rather than substantive. Accordingly, Respondent's Motion to Dismiss Petitioner's Rule 60(b) Motion (filing no. 55) is denied.

## *Petitioner's Rule 60(b) Motion*

Summarized and restated for clarity, Petitioner claims he is entitled to relief from judgment for the following reasons: (1) the court ignored Petitioner's allegation that good cause exists to excuse the procedural default of his claims (filing no. 57-1, attach. 1, at CM/ECF p. 9); and (2) the court, through its progression order, prevented him from asking for leave to amend his petition, resulting in his failure to include what he alleges are "claims ripe for habeas review" (*id.* at CM/ECF p. 5).[1] For the reasons set forth below, the court finds Petitioner's arguments are without merit and his Motion should be denied.

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir.1986). A Rule 60(b) motion may be based upon the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment . . . .

Fed. R. Civ. P. 60(b).

---

[1]The first allegation is set forth in Argument IV of Petitioner's Rule 60(b) Motion; the second allegation is set forth in Arguments I through III. (Filing No. 57-1, Attach. 1, at CM/ECF pp. 5-8.)

Petitioner claims he is entitled to relief from judgment pursuant to Rule 60(b)(1) because the court failed to adjudicate his allegation that good cause exists to excuse the procedural default of his claims. (Filing No. 57-1, Attach. 1, at CM/ECF pp. 8-9.) However, Petitioner's argument lacks any merit. The court discussed the applicable law and Petitioner's failure to meet the "cause" and "prejudice" exception for any of his procedurally defaulted claims at length. (*See* Filing No. 35 at pp. 19-22.) Thus, Petitioner has not demonstrated he is entitled to relief based on this argument.

Petitioner also claims he is entitled to relief from judgment pursuant to Rule 60(b)(1) and Rule 60(b)(4) because the court's progression order prevented him from asking for leave to amend his petition, resulting in his failure to include what he alleges are additional "claims ripe for habeas review."[2] (Filing No. 57-1, Attach. 1, at CM/ECF p. 5.) Petitioner alleges the following language from the court's progression schedule prevented him from filing a motion to amend his petition: "No later than 30 days following the filing of the respondent's brief, the petitioner shall file and serve a responsive brief. The petitioner shall submit no other documents unless directed to do so by the court" (filing no. 17 at CM/ECF p. 3.). (Filing No. 57-1, Attach. 1, at CM/ECF p. 5.)

    Federal Rules of Civil Procedure Rule 15(a) states:

    (1) ***Amending as a Matter of Course***. A party may amend its pleading
    once as a matter of course:
        (A) before being served with a responsive pleading; or

---

[2]Petitioner claims the following claims are ripe for habeas review: "(1) sufficiency of the evidence[,] (2) plain error when the trial court failed to instruct the jury on uncorroborated accomplice testimony, and (3) plain error of the trial court when failing to instruct the jury on self-defense." (Filing No. 57-1, Attach. 1, at CM/ECF p. 5.)

3

>    (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> 
> (2) ***Other Amendments***.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).  The applicable standard of Rule 15(a) is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.*

The inherent problem with Petitioner's argument is that he did request leave to amend his petition, both in his reply brief and in his supplemental reply.  (Filing Nos. 19 at CM/ECF pp. 26-27 and 20 at CM/ECF p. 3.)  Petitioner did not present his requests in a formal motion, but that consideration is irrelevant, as the court must liberally construe a pro se litigant's pleadings.  *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Clearly, nothing prevented Petitioner from requesting leave to amend.  The court considered Petitioner's requests and declined to grant them.

Pursuant to Rule 15(a)(2), the court should freely give a party leave to amend when justice so requires.  *Id.*  Under the circumstances, justice did not require that Petitioner be given leave to amend his petition.  Petitioner had already been allowed to amend his petition once (filing nos. 10 and 17 at CM/ECF p. 2 ), the parties were

six months into the litigation of Petitioner's case (*see* Docket Sheet), and Respondent had already filed an answer and state court records (filing nos. 12 and 13). In short, allowing Petitioner to amend his petition a second time would have caused undo delay and would have been futile. As this court stated in its Memorandum and Order dismissing Petitioner's habeas case, "[s]ix lawyers worked hard to protect [Petitioner's] rights. The Nebraska courts carefully scrutinized [Petitioner's] case and found no reason to grant him relief. Overall, [Petitioner] has nothing to complain about. . . ." (Filing No. 35 at p. 15.) The court concludes that Petitioner's arguments that he is entitled to the "extraordinary relief" contemplated by Rule 60(b) are without merit. Petitioner's Motion for Relief From Judgment (filing no. 57) is denied. Accordingly, Petitioner's Motion for Leave to Proceed IFP (filing no. 58) is denied as moot.

IT IS THEREFORE ORDERED that:

1.  Petitioner's Motion for Relief From Judgment (filing no. 57) and Motion for Leave to Proceed IFP (filing no. 58) are denied.

2.  Respondent's Motion to Dismiss Petitioner's Rule 60 (b) Motion (filing no. 55) is denied.

August 6, 2009.                                    BY THE COURT:

                                                   *Richard G. Kopf*
                                                   United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.