IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JOSEPH SIMS, | ) | 4:07CV3088 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, and | ) | |
| DENNIS BAKEWELL, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

On May 4, 2012, Michael Joseph Sims ("Sims") filed his second Rule 60(b) Motion for Relief from Judgment. (Filing No. 76.) Sims seeks to reopen this case by attempting to excuse defaulted claims because his post-conviction counsel was ineffective. See *Martinez v. Ryan*, 132 S. Ct. 1309, 1309 (Mar. 20, 2012) (holding that inadequate assistance of counsel during initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial). For many reasons, three of which are set forth below, the Motion will be denied.

First, the factual basis for Sims' assertion–that his state post-conviction counsel was ineffective for not reading the bill of exceptions of the trial so that he could assert additional claims of ineffective assistance of trial and appellate counsel and otherwise–was known to Sims *before* the entry of judgment in this case. (*Compare* filing no. 76 at CM/ECF p. 4 (indicating Sims knew of the "facts" supporting his Rule 60(b) Motion sometime between December 21, 2007, and January 16, 2008) *with* filing no. 35 and filing no. 36 (Memorandum and Order and Judgment filed on May 21, 2008).) Since the facts were known to Sims before the entry of judgment in this case, and because he did not bring those facts to the attention of the court, this is not the type of "extraordinary" case that Rule 60(b) was designed to address. See, e.g., *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 864 (1988) ("cautioning" that Rule 60(b) "should only be applied in 'extraordinary circumstances'") (citation omitted).

Second, the reasoning of the *Martinez* decision, which forms the legal basis for Sims' Rule 60(b) Motion, does not present an extraordinary circumstance justifying

reopening the defaulted claims, particularly because this federal case has been final for more than three years and murder cases like this one are especially deserving of finality. *Lopez v. Ryan*, No. 12-99001, 2012 WL 1676696, at * 5 (9th Cir. May 15, 2012) (affirming denial of Rule 60(b) motion in a death penalty case and holding that *Martinez v. Ryan* was not an extraordinary circumstance justifying reopening of the petitioner's claims).

Third, Sims' underlying ineffective assistance of counsel claims are not "substantial" regarding one or both prongs of the *Strickland* standard. *Martinez*, 132 S. Ct. at 1318 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."); *see also*, *Lopez*, 2012 WL 1676696 at * 6-7. The same lack of substantiality is true for Sims' other claims.

IT IS THEREFORE ORDERED that:

1.  The Motion for Relief from Judgment (filing no. 76) is denied.

2.  The Motion for Leave to Proceed in Forma Pauperis (filing no. 77) is granted.

DATED this 12th day of June, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.